FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   JUN 0 9 2011   ★

LONG ISLAND OFFICE

SUMMONS ISSUED

Eric S. Tilton (ET-9547), *Of Counsel*
The Law Office of Steven A. Morelli, P.C.
1461 Franklin Avenue
Garden City, New York 11530
(516) 393-9151

*Attorneys for Plaintiffs,*
*FLSA Collective Plaintiffs, and the Class*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MILTON TAIT, DWAYNE DANIELS,
DESMOND FORREST, PERCIVAL FRANKLIN,
VICTOR GARCIA, JOHNNIE GEORGE,
JULIEN GEORGE, ORVILLE GORDON,
CLAUDIO GUZMAN, TYRONE HENRY,
JEAN JULIEN, FERNANDO MARTINEZ,
KHALID MASHRIQI, CLIFFORD MATTHEW,
HARTLEY NEVERSON, MANUEL PEGUERO,
QUEAN PETERS, ANSELMO SANCHEZ,
JUANMINDI SOTO, JAUN SURINACH,
DAIVIS VASQUEZ, GLENFORD VEITCH,
NIALL WILLIAMS, LEONIDA GARCIA, and
CHRISTIAN GONZALEZ,

*Individually and on Behalf of All Other Persons*
*Similarly Situated,*

                                    Plaintiffs,

        -against-

C & I SALES, INC., C & I ASSOCIATES, INC.,
WILLIAM GIANNINI, and JOSEPH SPAIN,

                                    Defendants.
------------------------------------------------------------x

CV No.: **11 2777**

BLOCK. J.
POLLAK, M.

**COMPLAINT AND
JURY DEMAND**

Plaintiffs, by counsel and on their own behalf and on behalf of all others similarly

situated, allege, upon knowledge as to themselves and their own actions, and upon information

and belief as to all other matters, as follows:

1

## PRELIMINARY STATEMENT

1.    This is an individual, collective, and class action seeking to recover unpaid compensation, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs relating to Defendants' willful violations of the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NY Labor Law").

2.    Specifically, Defendants C & I SALES, INC., C & I ASSOCIATES, INC. (collectively "C&I"), WILLIAM GIANNINI, and JOSEPH SPAIN, were, at all relevant times, in the business of providing cable television installation services to the customers of Cablevision Systems Corporation (hereinafter "Cablevision") as subcontractors of Cablevision. As more fully set forth below, they willfully failed to pay their employees premium overtime pay in violation of the FLSA and NY Labor Law.

3.    Defendants comprise a single employer of all Plaintiffs, jointly employed Plaintiffs, and are agents of one another for purposes of the FLSA and the NY Labor Law.

4.    The Plaintiffs and other similarly situated employees comprise all cable television installers/technicians and dispatchers employed by Defendants at any of C&I's business locations, including those located at 856 E. 136th St., Bronx, NY; 153-41 Rockaway Blvd., Jamaica, NY; 718 Chester St., Brooklyn, NY; and 400 E. 87th St., New York, NY (collectively "the Non-Exempt Employees").

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs bring

claims under the FLSA, a federal statute. This Court also has subject matter jurisdiction

pursuant to 29 U.S.C. § 216(b).

6.     This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C.

§ 1367 because the state claims are so related to the federal claims that they form a part

of the same case or controversy between Plaintiffs and Defendants.

7.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a

substantial part of the events and omissions giving rise to Plaintiffs' claims took place

within this judicial district.

## PARTIES

8.     Plaintiffs MILTON TAIT, DESMOND FORREST, PERCIVAL FRANKLIN, JOHNNIE

GEORGE, JULIEN GEORGE, ORVILLE GORDON, CLIFFORD MATTHEW,

HARTLEY NEVERSON, and QUEAN PETERS, at all relevant times, were adult

individuals residing in Brooklyn, New York.

9.     Plaintiffs DWAYNE DANIELS, TYRONE HENRY, JEAN JULIEN, KHALID

MASHRIQI, and NIALL WILLIAMS, at all relevant times, were adult individuals

residing in Queens, New York.

10.     Plaintiffs VICTOR GARCIA, CLAUDIO GUZMAN, FERNANDO MARTINEZ, MANUEL PEGUERO, JUANMINDI SOTO, JAUN SURINACH, LEONIDA GARCIA, and CHRISTIAN GONZALEZ, at all relevant times, were adult individuals residing in the Bronx, New York.

11.     Plaintiffs ANSELMO SANCHEZ and DAIVIS VASQUEZ, at all relevant times, were adult individuals residing in New York, New York.

12.     Plaintiff GLENFORD VEITCH is an adult individual currently residing in Pompano Beach, Florida.

13.     Defendant C & I SALES, INC., at all relevant times, was a for-profit corporation organized and existing under the laws of the State of New York, with its principal place of business located at 856 E. 136th St., Bronx, New York 10454. At all relevant times, C & I Sales, Inc. was in the business of providing cable television installation and repair services on behalf of Cablevision. Its business was, and is, engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203, and has, upon information and belief, annual gross sales of at least $500,000.

14.     Defendant C & I ASSOCIATES, INC., at all relevant times, was a for-profit corporation organized and existing under the laws of the State of New York, with its principal place of business located at 856 E. 136th St., Bronx, New York 10454. At all relevant times, C

& I Associates, Inc. was in the business of providing cable television installation and repair services on behalf of Cablevision. Its business was, and is, engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203, and has, upon information and belief, annual gross sales of at least $500,000.

15.     C&I directly employed the Non-Exempt Employees, individually and as joint employers, within the meaning of the FLSA and NY Labor Law in that they controlled the means and manner of production of the Non-Exempt Employees' work and each meet all other common-law tests of whether they were employers of the Non-Exempt Employees.

16.     Defendant WILLIAM GIANNINI, at all relevant times, was an adult individual residing in the State of Pennsylvania. Giannini was a corporate officer, director, manager, and one of the ten largest shareholders of C & I Sales, Inc. and C & I Associates, Inc.

17.     Defendant JOSEPH SPAIN, at all relevant times, was an adult individual residing in the State of New York. Spain was a corporate officer, director, manager, and one of the ten largest shareholders of C & I Sales, Inc. and C & I Associates, Inc.

18.     The individually named Defendants, as officers, directors, shareholders, managers, or agents of C&I, had control over the day-to-day employment practices of C&I and were responsible for the wage and hour practices complained of herein; therefore, they are

5

each "employers" within the meaning of the FLSA, 29 U.S.C. § 203(d), and the NY Labor Law.

19.   Plaintiffs were Defendants' employees as defined by § 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1), and the NY Labor Law.

20.   Plaintiffs' primary duties were to install and service cable television equipment to Cablevision's customers. These activities were conducted at the homes and places of business of Cablevision's customers, as well as within C&I's offices.

21.   Because of their duties and the nature of their positions, the Non-Exempt Employees did not fall within any of the exceptions to the minimum pay and overtime pay requirements of the FLSA and NY Labor Law.

22.   Defendants' employee compensation policies were uniform with respect to the Non-Exempt Employees.

## FLSA COLLECTIVE ACTION ALLEGATIONS

23.   In addition to their individual claims, Plaintiffs bring Count I, as set forth below, as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all Non-Exempt Employees employed by Defendants on or after the date that is three years before the filing of the complaint in this case to the date of judgment; but, insofar as the statute of limitations is equitably tolled as a result of Defendants' failure to post

required notices or otherwise inform the Non-Exempt Employees of their rights under the FLSA, on behalf of all Non-Exempt Employees who were employed by Defendants on or after the date that is six years before the filing of the complaint in this case to the date of judgment (collectively "the FLSA Collective Plaintiffs").

24.    Plaintiffs' individual consents to sue under 29 U.S.C. § 216 are annexed hereto.

25.    At all relevant times, the FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' uniform policies that have resulted in Defendants willfully failing to pay them premium overtime pay.

26.    The claims of the Plaintiffs stated herein are substantially the same as those of the FLSA Collective Plaintiffs.

## RULE 23 CLASS ACTION ALLEGATIONS

27.    In addition to their individual claims, Plaintiffs bring Count II, as set forth below, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and all Non-Exempt Employees employed by Defendants on or after the date that is six years prior to the filing of the Complaint in this case (collectively, "the Class").

28.    Plaintiffs are members of the class of persons wrongfully denied overtime.

7

29.    Upon information and belief, the Class is so numerous that joinder of all members of the Class is impracticable. Although the precise number of such persons is unknown, and Defendants are in exclusive control of the records that can be used as a basis to calculate that number, there are, upon information and belief, more than 100 members of the Class.

30.    There are questions of law and fact common to all members of the Class.

31.    The claims of Plaintiffs as representative parties are typical of the claims of the Class.

32.    A class action is superior to other methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual class members may lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done them.

33.    The class members are readily ascertainable. The number and identity of the class members are determinable from Defendants' records or from the records of third-parties that Defendants used to maintain such records. The hours assigned and worked, dates of

8

hire and termination, the positions held and the rates of pay for each class member are also determinable from such records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under FRCP 23.

34.     The disposition of the class members' claims as a class will benefit the parties and the Court. Plaintiffs' claims are typical of those claims that could be alleged by any member of the class, and the relief sought is typical of the relief which would be sought by each member of the class in separate actions.

35.     All the class members were subject to the same corporate practices of Defendants, as alleged herein.

36.     Defendants' policies and practices affected all class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each class member. Plaintiffs and other class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices and procedures.

37.     Plaintiffs are able to fairly and adequately protect the interests of the class and have no interest antagonistic to the class.

38.     Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented parties in wage and hour cases.

39.     Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class will result in a significant saving of these costs. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof.

40.     Defendants violated the NY Labor Law with respect to the Class. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment and future efforts to secure employment. Class actions provide class members who are not named in this complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

41.    There are questions of law and fact common to the class which predominate over any questions affecting only individual class members, including whether Defendants properly compensated class members for overtime.

42.    If the Court certifies a class action with respect to Plaintiffs' claims under the NY Labor Law, Plaintiffs will waive their rights to liquidated damages in the amount of 25% of any amounts found due and owing on those claims arising under the NY Labor Law.

## ALLEGATIONS COMMON TO ALL CLAIMS

### *General Allegations*

43.    Plaintiffs were all either cable installers/technicians or dispatchers employed by Defendants, as installers, installing Cablevision equipment at various premises or, as a dispatcher, directing the work and travel of the installers/technicians. Their work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

44.    As employees of Defendants, Plaintiffs often worked in excess of 40 hours per week, yet Defendants willfully failed to pay Plaintiffs proper compensation for all of the hours worked by them as well as overtime compensation of one-and-one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek.

45.    Defendants likewise employed the Non-Exempt Employees. Such individuals have also worked in excess of 40 hours per week, yet Defendants have likewise willfully failed to

11

pay the Non-Exempt Employees proper compensation for all of the hours worked by them as well as overtime compensation of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek.

### *Specific Allegations*

46.   Defendants employed Plaintiff MILTON TAIT as set forth above beginning on or about November 1, 2004, and ending on or about January 31, 2008. His job duties were similar to those of all other cable television installers/technicians or dispatchers employed by Defendants. He was not paid an hourly rate of pay or a traditional salary; rather, for each installation or other task he performed, Defendants paid him a specific sum of money at a piece rate, which Defendants on some occasions failed to properly and timely pay. He worked for Defendants, on average, 70-84 hours per week, but was never paid overtime pay at one and one-half times his "regular rate of pay," as that term is defined by the FLSA and NY Labor Law, for any hours over 40 that he worked in any given workweek.

47.   Defendants employed Plaintiff DWAYNE DANIELS as set forth above beginning on or about March 21, 2004, and ending on or about September 21, 2009. His job duties were similar to those of all other cable television installers/technicians or dispatchers employed by Defendants. He was not paid an hourly rate of pay or a traditional salary; rather, for each installation or other task he performed, Defendants paid him a specific sum of money at a piece rate, which Defendants on some occasions failed to properly and timely pay. He worked for Defendants, on average, 60-72 hours per week, but was never paid overtime pay at one and one-half times his "regular rate of pay," as that term is defined

12

by the FLSA and NY Labor Law, for any hours over 40 that he worked in any given workweek.

48. Defendants employed Plaintiff FORREST DESMOND as set forth above beginning on or about June 1, 2005, and ending on or about August 1, 2009. His job duties were similar to those of all other cable television installers/technicians or dispatchers employed by Defendants. He was not paid an hourly rate of pay or a traditional salary; rather, for each installation or other task he performed, Defendants paid him a specific sum of money at a piece rate, which Defendants on some occasions failed to properly and timely pay. He worked for Defendants, on average, 60-72 hours per week, but was never paid overtime pay at one and one-half times his "regular rate of pay," as that term is defined by the FLSA and NY Labor Law, for any hours over 40 that he worked in any given workweek.

49. Defendants employed Plaintiff PERCIVAL FRANKLIN as set forth above beginning on or about August 1, 2005, and ending on or about November 16, 2009. His job duties were similar to those of all other cable television installers/technicians or dispatchers employed by Defendants. He was not paid an hourly rate of pay or a traditional salary; rather, for each installation or other task he performed, Defendants paid him a specific sum of money at a piece rate, which Defendants on some occasions failed to properly and timely pay. He worked for Defendants, on average, 60-72 hours per week, but was never paid overtime pay at one and one-half times his "regular rate of pay," as that term is defined by the FLSA and NY Labor Law, for any hours over 40 that he worked in any given workweek.

50.     Defendants employed Plaintiff VICTOR GARCIA as set forth above beginning on or about September 1, 2006, and ending on or about March 15, 2010. His job duties were similar to those of all other cable television installers/technicians or dispatchers employed by Defendants. He was not paid an hourly rate of pay or a traditional salary; rather, for each installation or other task he performed, Defendants paid him a specific sum of money at a piece rate, which Defendants on some occasions failed to properly and timely pay. He worked for Defendants, on average, 60-72 hours per week, except during a period of vacation from on or about March 20, 2009, to April 17, 2009, but was never paid overtime pay at one and one-half times his "regular rate of pay," as that term is defined by the FLSA and NY Labor Law, for any hours over 40 that he worked in any given workweek.

51.     Defendants employed Plaintiff JOHNNIE GEORGE as set forth above beginning on or about January 1, 2005, and ending on or about December 31, 2008. His job duties were similar to those of all other cable television installers/technicians or dispatchers employed by Defendants. He was not paid an hourly rate of pay or a traditional salary; rather, for each installation or other task he performed, Defendants paid him a specific sum of money at a piece rate, which Defendants on some occasions failed to properly and timely pay. He worked for Defendants, on average, 60-72 hours per week, but was never paid overtime pay at one and one-half times his "regular rate of pay," as that term is defined by the FLSA and NY Labor Law, for any hours over 40 that he worked in any given workweek.

52.     Defendants employed Plaintiff JULIEN GEORGE as set forth above beginning on or about March 21, 2004, and ending on or about September 22, 2009. His job duties were similar to those of all other cable television installers/technicians or dispatchers employed by Defendants. He was not paid an hourly rate of pay or a traditional salary; rather, for each installation or other task he performed, Defendants paid him a specific sum of money at a piece rate, which Defendants on some occasions failed to properly and timely pay. He worked for Defendants, on average, 60-72 hours per week, but was never paid overtime pay at one and one-half times his "regular rate of pay," as that term is defined by the FLSA and NY Labor Law, for any hours over 40 that he worked in any given workweek.

53.     Defendants employed Plaintiff ORVILLE GORDON as set forth above beginning on or about October 1, 2003, and ending on or about December 31, 2007. His job duties were similar to those of all other cable television installers/technicians or dispatchers employed by Defendants. He was not paid an hourly rate of pay or a traditional salary; rather, for each installation or other task he performed, Defendants paid him a specific sum of money at a piece rate, which Defendants on some occasions failed to properly and timely pay. He worked for Defendants, on average, 60-72 hours per week, but was never paid overtime pay at one and one-half times his "regular rate of pay," as that term is defined by the FLSA and NY Labor Law, for any hours over 40 that he worked in any given workweek.

54.     Defendants employed Plaintiff CLAUDIO GUZMAN as set forth above beginning on or
about November 1, 2008, and ending on or about April 30, 2010. His job duties were
similar to those of all other cable television installers/technicians or dispatchers employed
by Defendants. He was not paid an hourly rate of pay or a traditional salary; rather, for
each installation or other task he performed, Defendants paid him a specific sum of
money at a piece rate, which Defendants on some occasions failed to properly and timely
pay. He worked for Defendants, on average, 70-84 hours per week, but was never paid
overtime pay at one and one-half times his "regular rate of pay," as that term is defined
by the FLSA and NY Labor Law, for any hours over 40 that he worked in any given
workweek.

55.     Defendants employed Plaintiff TYRONE HENRY as set forth above beginning on or
about June 1, 2003, and ending on or about May 31, 2007. His job duties were similar to
those of all other cable television installers/technicians or dispatchers employed by
Defendants. He was not paid an hourly rate of pay or a traditional salary; rather, for each
installation or other task he performed, Defendants paid him a specific sum of money at a
piece rate, which Defendants on some occasions failed to properly and timely pay. He
worked for Defendants, on average, 60-72 hours per week, but was never paid overtime
pay at one and one-half times his "regular rate of pay," as that term is defined by the
FLSA and NY Labor Law, for any hours over 40 that he worked in any given workweek.

56.     Defendants employed Plaintiff JEAN JULIEN as set forth above beginning on or about
March 1, 2007, and ending on or about June 30, 2008. His job duties were similar to

16

those of all other cable television installers/technicians or dispatchers employed by Defendants. He was not paid an hourly rate of pay or a traditional salary; rather, for each installation or other task he performed, Defendants paid him a specific sum of money at a piece rate, which Defendants on some occasions failed to properly and timely pay. He worked for Defendants, on average, 60-72 hours per week, but was never paid overtime pay at one and one-half times his "regular rate of pay," as that term is defined by the FLSA and NY Labor Law, for any hours over 40 that he worked in any given workweek.

57.     Defendants employed Plaintiff FERNDANDO MARTINEZ as set forth above beginning on or about July 17, 2004, and ending on or about January 31, 2010. His job duties were similar to those of all other cable television installers/technicians or dispatchers employed by Defendants. He was not paid an hourly rate of pay or a traditional salary; rather, for each installation or other task he performed, Defendants paid him a specific sum of money at a piece rate, which Defendants on some occasions failed to properly and timely pay. He worked for Defendants, on average, 70-84 hours per week, but was never paid overtime pay at one and one-half times his "regular rate of pay," as that term is defined by the FLSA and NY Labor Law, for any hours over 40 that he worked in any given workweek.

58.     Defendants employed Plaintiff KHALID MASHRIQI as set forth above beginning on or about September 1, 2003, and ending on or about September 30, 2008. His job duties were similar to those of all other cable television installers/technicians or dispatchers employed by Defendants. He was not paid an hourly rate of pay or a traditional salary;

17

rather, for each installation or other task he performed, Defendants paid him a specific sum of money at a piece rate, which Defendants on some occasions failed to properly and timely pay. He worked for Defendants, on average, 60-72 hours per week, but was never paid overtime pay at one and one-half times his "regular rate of pay," as that term is defined by the FLSA and NY Labor Law, for any hours over 40 that he worked in any given workweek.

59.    Defendants employed Plaintiff CLIFFORD MATTHEW as set forth above beginning on or about March 1, 2006, and ending on or about May 31, 2008. His job duties were similar to those of all other cable television installers/technicians or dispatchers employed by Defendants. He was not paid an hourly rate of pay or a traditional salary; rather, for each installation or other task he performed, Defendants paid him a specific sum of money at a piece rate, which Defendants on some occasions failed to properly and timely pay. He worked for Defendants, on average, 60-72 hours per week, but was never paid overtime pay at one and one-half times his "regular rate of pay," as that term is defined by the FLSA and NY Labor Law, for any hours over 40 that he worked in any given workweek.

60.    Defendants employed Plaintiff HARTLEY NEVERSON as set forth above beginning on or about August 20, 2003, and ending on or about November 16, 2009. His job duties were similar to those of all other cable television installers/technicians or dispatchers employed by Defendants. He was not paid an hourly rate of pay or a traditional salary; rather, for each installation or other task he performed, Defendants paid him a specific

sum of money at a piece rate, which Defendants on some occasions failed to properly and timely pay. He worked for Defendants, on average, 60-72 hours per week, but was never paid overtime pay at one and one-half times his "regular rate of pay," as that term is defined by the FLSA and NY Labor Law, for any hours over 40 that he worked in any given workweek.

61.     Defendants employed Plaintiff MANUEL PEGUERO as set forth above beginning on or about May 15, 2003, and ending on or about June 6, 2008. His job duties were similar to those of all other cable television installers/technicians or dispatchers employed by Defendants. He was not paid an hourly rate of pay or a traditional salary; rather, for each installation or other task he performed, Defendants paid him a specific sum of money at a piece rate, which Defendants on some occasions failed to properly and timely pay. He worked for Defendants, on average, 60-84 hours per week, except during a brief period of vacation in or about July 2005, but was never paid overtime pay at one and one-half times his "regular rate of pay," as that term is defined by the FLSA and NY Labor Law, for any hours over 40 that he worked in any given workweek.

62.     Defendants employed Plaintiff QUEAN PETERS as set forth above beginning on or about June 1, 2006, and ending on or about May 31, 2008. His job duties were similar to those of all other cable television installers/technicians or dispatchers employed by Defendants. He was not paid an hourly rate of pay or a traditional salary; rather, for each installation or other task he performed, Defendants paid him a specific sum of money at a piece rate, which Defendants on some occasions failed to properly and timely pay. He

worked for Defendants, on average, 60-72 hours per week, but was never paid overtime pay at one and one-half times his "regular rate of pay," as that term is defined by the FLSA and NY Labor Law, for any hours over 40 that he worked in any given workweek.

63.     Defendants employed Plaintiff ANSELMO SANCHEZ as set forth above beginning on or about July 1, 2005, and ending on or about January 31, 2007. His job duties were similar to those of all other cable television installers/technicians or dispatchers employed by Defendants. He was not paid an hourly rate of pay or a traditional salary; rather, for each installation or other task he performed, Defendants paid him a specific sum of money at a piece rate, which Defendants on some occasions failed to properly and timely pay. He worked for Defendants, on average, 70-84 hours per week, but was never paid overtime pay at one and one-half times his "regular rate of pay," as that term is defined by the FLSA and NY Labor Law, for any hours over 40 that he worked in any given workweek.

64.     Defendants employed Plaintiff JUANMINDI SOTO as set forth above beginning on or about March 12, 2004, and ending on or about February 9, 2010. His job duties were similar to those of all other cable television installers/technicians or dispatchers employed by Defendants. He was not paid an hourly rate of pay or a traditional salary; rather, for each installation or other task he performed, Defendants paid him a specific sum of money at a piece rate, which Defendants on some occasions failed to properly and timely pay. He worked for Defendants, on average, 70-84 hours per week, but was never paid overtime pay at one and one-half times his "regular rate of pay," as that term is defined

by the FLSA and NY Labor Law, for any hours over 40 that he worked in any given workweek.

65.   Defendants employed Plaintiff JAUN SURINACH as set forth above beginning on or about September 1, 2005, and ending on or about February 9, 2010. His job duties were similar to those of all other cable television installers/technicians or dispatchers employed by Defendants. He was not paid an hourly rate of pay or a traditional salary; rather, for each installation or other task he performed, Defendants paid him a specific sum of money at a piece rate, which Defendants on some occasions failed to properly and timely pay. He worked for Defendants, on average, 60-72 hours per week, but was never paid overtime pay at one and one-half times his "regular rate of pay," as that term is defined by the FLSA and NY Labor Law, for any hours over 40 that he worked in any given workweek.

66.   Defendants employed Plaintiff DAIVIS VASQUEZ as set forth above beginning on or about January 1, 2008, and ending on or about May 31, 2010. His job duties were similar to those of all other cable television installers/technicians or dispatchers employed by Defendants. He was not paid an hourly rate of pay or a traditional salary; rather, for each installation or other task he performed, Defendants paid him a specific sum of money at a piece rate, which Defendants on some occasions failed to properly and timely pay. He worked for Defendants, on average, 60-72 hours per week, but was never paid overtime pay at one and one-half times his "regular rate of pay," as that term is defined by the FLSA and NY Labor Law, for any hours over 40 that he worked in any given workweek.

21

67.     Defendants employed Plaintiff GLENFORD VEITCH as set forth above beginning on or about March 1, 2006, and ending on or about February 28, 2008. His job duties were similar to those of all other cable television installers/technicians or dispatchers employed by Defendants. He was not paid an hourly rate of pay or a traditional salary; rather, for each installation or other task he performed, Defendants paid him a specific sum of money at a piece rate, which Defendants on some occasions failed to properly and timely pay. He worked for Defendants, on average, 60-72 hours per week, but was never paid overtime pay at one and one-half times his "regular rate of pay," as that term is defined by the FLSA and NY Labor Law, for any hours over 40 that he worked in any given workweek.

68.     Defendants employed Plaintiff NIALL WILLIAMS as set forth above beginning on or about June 21, 2003, and ending on or about September 22, 2009. His job duties were similar to those of all other cable television installers/technicians or dispatchers employed by Defendants. He was not paid an hourly rate of pay or a traditional salary; rather, for each installation or other task he performed, Defendants paid him a specific sum of money at a piece rate, which Defendants on some occasions failed to properly and timely pay. He worked for Defendants, on average, 60-72 hours per week, but was never paid overtime pay at one and one-half times his "regular rate of pay," as that term is defined by the FLSA and NY Labor Law, for any hours over 40 that he worked in any given workweek.

69.    Defendants employed Plaintiff LEONIDA GARCIA as set forth above beginning on or about June 1, 2004, and ending on or about February 28, 2009. His job duties were similar to those of all other cable television installers/technicians or dispatchers employed by Defendants. He was not paid an hourly rate of pay or a traditional salary; rather, for each installation or other task he performed, Defendants paid him a specific sum of money at a piece rate, which Defendants on some occasions failed to properly and timely pay. He worked for Defendants, on average, 70-84 hours per week, but was never paid overtime pay at one and one-half times his "regular rate of pay," as that term is defined by the FLSA and NY Labor Law, for any hours over 40 that he worked in any given workweek.

70.    Defendants employed Plaintiff CHRISTIAN GONZALEZ as set forth above during the periods on or about March 1, 2006, through on or about February 28, 2008; on or about November 1, 2008, through on or about January 31, 2009; and on or about September 1, 2010, through the present. His job duties were similar to those of all other cable television installers/technicians or dispatchers employed by Defendants. He was not paid an hourly rate of pay or a traditional salary; rather, for each installation or other task he performed, Defendants paid him a specific sum of money at a piece rate, which Defendants on some occasions failed to properly and timely pay. He worked for Defendants, on average, 70-84 hours per week, but was never paid overtime pay at one and one-half times his "regular rate of pay," as that term is defined by the FLSA and NY Labor Law, for any hours over 40 that he worked in any given workweek.

23

### *Defendants Falsified Employee Records*

71.    Defendants routinely and as a matter of common policy falsified employee time records to reflect less time than employees actually worked and maintained a common scheme or plan designed to avoid paying overtime compensation to employees. Specifically:

a.    Defendants paid a portion of each Non-Exempt Employee's compensation for the week in a traditional paycheck from which tax and other withholdings were taken, and Defendants issued to the employee an IRS Form W-2. Such checks fraudulently claim that the Non-Exempt Employees were working less than 40 hours per week at an hourly rate of pay. However, as stated, Non-Exempt Employees did not receive an hourly rate of pay and worked in excess of 40 hours per week, such that the amount of compensation reflected in this check was nothing more than an arbitrary portion of the compensation the Non-Exempt Employees earned according to Defendants' piece-rate pay policy.

b.    Defendants then paid the remaining portion of each Non-Exempt Employee's piece-rate compensation for the week with a second check, claiming that it was "commission" that was in addition to the hourly rate of pay that did not exist. Each Non-Exempt Employee was issued an IRS Form 1099 with respect to these second checks, from which no tax or other withholdings were taken.

In sum, Defendants' recordkeeping and compensation policy was designed to appear as if the Non-Exempt Employees were hourly employees who did not work over 40 hours per week and who received commissions in addition to their hourly rate of pay, which was completely fraudulent in all respects.

24

72.     As stated, during the course of the Non-Exempt Employees' employment, Defendants failed to maintain accurate and sufficient compensation and time records. As a result of such failure, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions of employment of the Non-Exempt Employees in violation of the FLSA, 29 U.S.C. §§ 211(c) & 215(a)(5), and NY Labor Law § 195.

73.     The foregoing conduct constitutes a willful violation of the FLSA and the NY Labor Law.

74.     Due to Defendants' willful violations of the FLSA and NY Labor Law, Plaintiffs, on behalf of themselves, the FLSA Collective Plaintiffs, and the Class are entitled to recover from the Defendants their unpaid wages and overtime compensation, liquidated damages (unless waived), reasonable attorneys' fees, pre- and post-judgment interest, and the costs and disbursements of this action.

75.     Defendants continue to engage in all of the foregoing illegal practices and, therefore, are continuing to accrue liability for violations of the FLSA and NY Labor Law.

## COUNT I: FLSA OVERTIME VIOLATIONS

76.     Defendants' failure to pay premium overtime pay to Plaintiffs and the FLSA Collective Plaintiffs for all hours worked over 40 in any given workweek violates the FLSA, 29 U.S.C. §§ 207(a)(1) & 215(a)(2).

25

77.    Defendants' violation of the FLSA in this regard was willful.

78.    Defendants are liable to Plaintiffs and the FLSA Collective Plaintiffs for premium overtime pay, plus liquidated damages in the amount of the overtime pay wrongfully withheld, pre- and post-judgment interest, attorneys' fees, and the costs and disbursements of this action.

## COUNT II: NY LABOR LAW OVERTIME VIOLATIONS

79.    Defendants' failure to pay premium overtime pay to Plaintiffs and the members of the Class for all hours worked over 40 in any given workweek violates NY Labor Law § 160 and 12 N.Y. C.R.R. 137-1.3.

80.    Defendants' violation of the NY Labor Law in this regard was willful.

81.    Defendants are liable to Plaintiffs and the members of the Class for premium overtime pay, plus liquidated damages in the amount of 25% of the overtime pay wrongfully withheld (unless waived), pre- and post-judgment interest, attorneys' fees, and the costs and disbursements of this action.

## JURY DEMAND

82.    Plaintiffs, on behalf of themselves, the FLSA Collective Plaintiffs, and the Class demand trial by jury on all issues in this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves, the FLSA Collective Plaintiffs, and the Class pray for relief and pray that the Court:

A.     Designate this action a collective action on behalf of the FLSA Collective Plaintiffs and promptly authorize Plaintiffs' attorneys to issue notice under 29 U.S.C. § 216(b) to all Non-Exempt Employees, employed any time on or after the date that is three years (plus any applicable tolling period) prior to the date of any such order (hereinafter "the Liability Period"), apprising them of this action and of their right to opt-in to this lawsuit if they were not properly paid premium overtime pay during any part of the Liability Period;

B.     Order Defendants to file with this Court, and to furnish to Plaintiffs' counsel, a verified list of all names, social security numbers, and the last known addresses, telephone numbers, email addresses and alternative contact information of all Non-Exempt Employees who were employed by Defendants any time during the Liability Period;

C.     Order Defendants to conspicuously post notice in each of their business locations, in a place determined by the Court to be readily accessible to all Non-Exempt Employees, apprising them of this action and of their right to opt-in to this lawsuit if they were not properly paid premium overtime pay during any part of the Liability Period;

D.     Certify a class under Rule 23 of the Federal Rules of Civil Procedure consisting of all Non-Exempt Employees who were employed by Defendants anytime on or after the date that is six years priors to the filing of the Complaint in this action who were victims of Defendants' violations of the NY Labor Law with respect to overtime pay as set forth herein;

E.      Enter judgment in favor of the Plaintiffs, the FLSA Collective Plaintiffs, and the Class on

each or any count of this Complaint for all compensatory damages and, where applicable,

liquidated damages, attorneys' fees, pre- and post-judgment interest, and the costs and

disbursements of this action; and,

F.      Grant to Plaintiffs, the FLSA Collective Plaintiffs, and the Class any other and further

relief that to the Court seems just and proper.

Dated: Garden City, New York
      March 17, 2011                                Respectfully submitted,

                                        Eric S. Tilton (ET-9547), *Of Counsel*
                                      The Law Office of Steven A. Morelli, P.C.
                                      1461 Franklin Avenue
                                      Garden City, New York 11530
                                      (516) 393-9151

                                      *Attorneys for Plaintiffs,*
                                      *FLSA Collective Plaintiffs, and the Class*

## CONSENT TO JOIN COLLECTIVE ACTION
### Pursuant to Fair Labor Standards Act 29 U.S.C. §216(b)

1. I, _Millen Tai_ consent and agree to pursue my claims arising out of uncompensated work time including straight time and overtime as an employee of C&I Sales Inc., C&I Associates 1, Cablevision Systems Corporations, and their affiliates and officers.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of this action.

3. I hereby designate Steven A. Morelli, Esq., and Eric S. Tilton, Esq., of The Law Office of Steven A. Morelli, P.C., to represent me for all purposes in this action and as the collective action representatives for this case.

(Signature) _____ Date: _11/19/10_

Print Name: _MILTOO TAI_

## CONSENT TO JOIN COLLECTIVE ACTION
### Pursuant to Fair Labor Standards Act 29 U.S.C. §216(b)

1. I, _Dwayne Daniels_ consent and agree to pursue my claims arising out of uncompensated work time including straight time and overtime as an employee of C&I Sales Inc., C&I Associates 1, Cablevision Systems Corporations, and their affiliates and officers.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of this action.

3. I hereby designate Steven A. Morelli, Esq., and Eric S. Tilton, Esq., of The Law Office of Steven A. Morelli, P.C., to represent me for all purposes in this action and as the collective action representatives for this case.


(Signature) _Dwayne Daniels_ Date: _11/19/10_

Print Name: _DWAYNE DANIELS_

**CONSENT TO JOIN COLLECTIVE ACTION**
**Pursuant to Fair Labor Standards Act 29 U.S.C. §216(b)**

1. I, _Desmond Forrest_, consent and agree to pursue my claims arising out of uncompensated work time including straight time and overtime as an employee of C&I Sales Inc., C&I Associates 1, Cablevision Systems Corporations, and their affiliates and officers.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of this action.

3. I hereby designate Steven A. Morelli, Esq., and Eric S. Tilton, Esq., of The Law Office of Steven A. Morelli, P.C., to represent me for all purposes in this action and as the collective action representatives for this case.

(Signature) _A. Forrest_          Date: _11-19-10_

Print Name: _DESMOND Forrest_

## CONSENT TO JOIN COLLECTIVE ACTION
### Pursuant to Fair Labor Standards Act 29 U.S.C. §216(b)

1. I, *Percival Franklin* consent and agree to pursue my claims arising out of uncompensated work time including straight time and overtime as an employee of C&I Sales Inc., C&I Associates 1, Cablevision Systems Corporations, and their affiliates and officers.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of this action.

3. I hereby designate Steven A. Morelli, Esq., and Eric S. Tilton, Esq., of The Law Office of Steven A. Morelli, P.C., to represent me for all purposes in this action and as the collective action representatives for this case.


(Signature) *Franklin*   Date: *10·19·2010*

Print Name: *PERCIVAL FRANKLIN*

## CONSENT TO JOIN COLLECTIVE ACTION
### Pursuant to Fair Labor Standards Act 29 U.S.C. §216(b)

1. I, _Victor Garcia_, consent and agree to pursue my claims arising out of uncompensated work time including straight time and overtime as an employee of C&I Sales Inc., C&I Associates 1, Cablevision Systems Corporations, and their affiliates and officers.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of this action.

3. I hereby designate Steven A. Morelli, Esq., and Eric S. Tilton, Esq., of The Law Office of Steven A. Morelli, P.C., to represent me for all purposes in this action and as the collective action representatives for this case.

(Signature) _Victor M Garci_    Date: _01-17-2011_

Print Name: _Victor M Garcia_

Redacted

## CONSENT TO JOIN COLLECTIVE ACTION
### Pursuant to Fair Labor Standards Act 29 U.S.C. §216(b)

1. I, Johnnie George, consent and agree to pursue my claims arising out of
uncompensated work time including straight time and overtime as an employee of
C&I Sales Inc., C&I Associates 1, Cablevision Systems Corporations, and their
affiliates and officers.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act of
1938, as amended, 29 U.S.C. §201, et seq.  I hereby consent, agree and opt-in to
become a Plaintiff herein and be bound to any judgment by the Court or any
settlement of this action.

3. I hereby designate Steven A. Morelli, Esq., and Eric S. Tilton, Esq., of The Law
Office of Steven A. Morelli, P.C., to represent me for all purposes in this action
and as the collective action representatives for this case.


(Signature) George          Date: 11/19/2010

Print Name: Johnnie George

## CONSENT TO JOIN COLLECTIVE ACTION
### Pursuant to Fair Labor Standards Act 29 U.S.C. §216(b)

1. I, _Julien George_, consent and agree to pursue my claims arising out of uncompensated work time including straight time and overtime as an employee of C&I Sales Inc., C&I Associates 1, Cablevision Systems Corporations, and their affiliates and officers.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of this action.

3. I hereby designate Steven A. Morelli, Esq., and Eric S. Tilton, Esq., of The Law Office of Steven A. Morelli, P.C., to represent me for all purposes in this action and as the collective action representatives for this case.


(Signature) _Julie George_     Date: _11/19/2010_

Print Name: _JULIEN GEORGE_

## CONSENT TO JOIN COLLECTIVE ACTION
### Pursuant to Fair Labor Standards Act 29 U.S.C. §216(b)

1. I, _Orville Gordon_ consent and agree to pursue my claims arising out of uncompensated work time including straight time and overtime as an employee of C&I Sales Inc., C&I Associates 1, Cablevision Systems Corporations, and their affiliates and officers.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of this action.

3. I hereby designate Steven A. Morelli, Esq., and Eric S. Tilton, Esq., of The Law Office of Steven A. Morelli, P.C., to represent me for all purposes in this action and as the collective action representatives for this case.


(Signature) _____  Date: _12-12-10_

Print Name: _ORVille GORDON_

## CONSENT TO JOIN COLLECTIVE ACTION
### Pursuant to Fair Labor Standards Act 29 U.S.C. §216(b)

1. I, *Claudia Guzman*, consent and agree to pursue my claims arising out of uncompensated work time including straight time and overtime as an employee of C&I Sales Inc., C&I Associates 1, Cablevision Systems Corporations, and their affiliates and officers.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of this action.

3. I hereby designate Steven A. Morelli, Esq., and Eric S. Tilton, Esq., of The Law Office of Steven A. Morelli, P.C., to represent me for all purposes in this action and as the collective action representatives for this case.

(Signature) _____     Date: _11-21-10_____

Print Name: _Claudia Guzman_____

## CONSENT TO JOIN COLLECTIVE ACTION
### Pursuant to Fair Labor Standards Act 29 U.S.C. §216(b)

1. I, TYRONE HENRY, consent and agree to pursue my claims arising out of uncompensated work time including straight time and overtime as an employee of C&I Sales Inc., C&I Associates 1, Cablevision Systems Corporations, and their affiliates and officers.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of this action.

3. I hereby designate Steven A. Morelli, Esq., and Eric S. Tilton, Esq., of The Law Office of Steven A. Morelli, P.C., to represent me for all purposes in this action and as the collective action representatives for this case.

(Signature) Tyrone Henry     Date: 1/11/11

Print Name: TYRONE HENRY

## CONSENT TO JOIN COLLECTIVE ACTION
### Pursuant to Fair Labor Standards Act 29 U.S.C. §216(b)

1. I, _Jean Julien_, consent and agree to pursue my claims arising out of uncompensated work time including straight time and overtime as an employee of C&I Sales Inc., C&I Associates 1, Cablevision Systems Corporations, and their affiliates and officers.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq.  I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of this action.

3. I hereby designate Steven A. Morelli, Esq., and Eric S. Tilton, Esq., of The Law Office of Steven A. Morelli, P.C., to represent me for all purposes in this action and as the collective action representatives for this case.

(Signature) _Jean Julien_        Date: _11-19-10_

Print Name: _Jean Julien_

## CONSENT TO JOIN COLLECTIVE ACTION
### Pursuant to Fair Labor Standards Act 29 U.S.C. §216(b)

1. I, _Fernando Martinez_ consent and agree to pursue my claims arising out of uncompensated work time including straight time and overtime as an employee of C&I Sales Inc., C&I Associates 1, Cablevision Systems Corporations, and their affiliates and officers.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of this action.

3. I hereby designate Steven A. Morelli, Esq., and Eric S. Tilton, Esq., of The Law Office of Steven A. Morelli, P.C., to represent me for all purposes in this action and as the collective action representatives for this case.


(Signature) _____     Date: _11/21/10_

Print Name: _Fernando Martinez_

## CONSENT TO JOIN COLLECTIVE ACTION
### Pursuant to Fair Labor Standards Act 29 U.S.C. §216(b)

1. I, KHALID MASHRIQI , consent and agree to pursue my claims arising out of uncompensated work time including straight time and overtime as an employee of C&I Sales Inc., C&I Associates 1, Cablevision Systems Corporations, and their affiliates and officers.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq.  I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of this action.

3. I hereby designate Steven A. Morelli, Esq., and Eric S. Tilton, Esq., of The Law Office of Steven A. Morelli, P.C., to represent me for all purposes in this action and as the collective action representatives for this case.


(Signature) _Khalid Mashriqi_   Date: _12·8·2010_

Print Name: _KHALID MASHRIQI_

## CONSENT TO JOIN COLLECTIVE ACTION
### Pursuant to Fair Labor Standards Act 29 U.S.C. §216(b)

1. I, _Clifford Matthew_ consent and agree to pursue my claims arising out of uncompensated work time including straight time and overtime as an employee of C&I Sales Inc., C&I Associates 1, Cablevision Systems Corporations, and their affiliates and officers.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of this action.

3. I hereby designate Steven A. Morelli, Esq., and Eric S. Tilton, Esq., of The Law Office of Steven A. Morelli, P.C., to represent me for all purposes in this action and as the collective action representatives for this case.


(Signature) _____   Date: __11/19/10__

Print Name: CLIFFORD · MATTHEW

## CONSENT TO JOIN COLLECTIVE ACTION
### Pursuant to Fair Labor Standards Act 29 U.S.C. §216(b)

1. I, _HARtley Neverson_ consent and agree to pursue my claims arising out of uncompensated work time including straight time and overtime as an employee of C&I Sales Inc., C&I Associates 1, Cablevision Systems Corporations, and their affiliates and officers.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of this action.

3. I hereby designate Steven A. Morelli, Esq., and Eric S. Tilton, Esq., of The Law Office of Steven A. Morelli, P.C., to represent me for all purposes in this action and as the collective action representatives for this case.

(Signature) _Hartley Neverson_     Date: _11/19/10_

Print Name: _HARtley Neverson_

## CONSENT TO JOIN COLLECTIVE ACTION
### Pursuant to Fair Labor Standards Act 29 U.S.C. §216(b)

1. I, _MANUEL Peguero_ consent and agree to pursue my claims arising out of uncompensated work time including straight time and overtime as an employee of C&I Sales Inc., C&I Associates 1, Cablevision Systems Corporations, and their affiliates and officers.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq.  I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of this action.

3. I hereby designate Steven A. Morelli, Esq., and Eric S. Tilton, Esq., of The Law Office of Steven A. Morelli, P.C., to represent me for all purposes in this action and as the collective action representatives for this case.

(Signature) _Manuel Peguero_   Date: _1-17-2011_

Print Name: _MANUEL Peguero_       _Note_

_Redacted_

## CONSENT TO JOIN COLLECTIVE ACTION
### Pursuant to Fair Labor Standards Act 29 U.S.C. §216(b)

1. I, _QUEAN R PETERS_ consent and agree to pursue my claims arising out of uncompensated work time including straight time and overtime as an employee of C&I Sales Inc., C&I Associates 1, Cablevision Systems Corporations, and their affiliates and officers.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq.  I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of this action.

3. I hereby designate Steven A. Morelli, Esq., and Eric S. Tilton, Esq., of The Law Office of Steven A. Morelli, P.C., to represent me for all purposes in this action and as the collective action representatives for this case.

(Signature) _____ Date: _11 - 19 - 20_

Print Name: _Quean R Peters_

## CONSENT TO JOIN COLLECTIVE ACTION
### Pursuant to Fair Labor Standards Act 29 U.S.C. §216(b)

1. I, _Anselmo Sanchez_ consent and agree to pursue my claims arising out of uncompensated work time including straight time and overtime as an employee of C&I Sales Inc., C&I Associates 1, Cablevision Systems Corporations, and their affiliates and officers.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of this action.

3. I hereby designate Steven A. Morelli, Esq., and Eric S. Tilton, Esq., of The Law Office of Steven A. Morelli, P.C., to represent me for all purposes in this action and as the collective action representatives for this case.


(Signature) _Anselmo Sanchez_     Date: _Nov 21 2010_

Print Name: _Anselmo Sanchez_

## CONSENT TO JOIN COLLECTIVE ACTION
### Pursuant to Fair Labor Standards Act 29 U.S.C. §216(b)

1. I JUAN MINDI SOTO, consent and agree to pursue my claims arising out of uncompensated work time including straight time and overtime as an employee of C&I Sales Inc., C&I Associates 1, Cablevision Systems Corporations, and their affiliates and officers.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of this action.

3. I hereby designate Steven A. Morelli, Esq., and Eric S. Tilton, Esq., of The Law Office of Steven A. Morelli, P.C., to represent me for all purposes in this action and as the collective action representatives for this case.


(Signature) _Juan Muiali_   Date: _11-21-10_

Print Name: _JUAN MINDI SOTO_

## CONSENT TO JOIN COLLECTIVE ACTION
### Pursuant to Fair Labor Standards Act 29 U.S.C. §216(b)

1. I, Joan Surmach consent and agree to pursue my claims arising out of uncompensated work time including straight time and overtime as an employee of C&I Sales Inc., C&I Associates 1, Cablevision Systems Corporations, and their affiliates and officers.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of this action.

3. I hereby designate Steven A. Morelli, Esq., and Eric S. Tilton, Esq., of The Law Office of Steven A. Morelli, P.C., to represent me for all purposes in this action and as the collective action representatives for this case.

(Signature) _Joan Surmach_    Date: _11/21/10_

Print Name: _Joan Surmach_

## CONSENT TO JOIN COLLECTIVE ACTION
### Pursuant to Fair Labor Standards Act 29 U.S.C. §216(b)

1. I, Davis Vasquez, consent and agree to pursue my claims arising out of uncompensated work time including straight time and overtime as an employee of C&I Sales Inc., C&I Associates 1, Cablevision Systems Corporations, and their affiliates and officers.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of this action.

3. I hereby designate Steven A. Morelli, Esq., and Eric S. Tilton, Esq., of The Law Office of Steven A. Morelli, P.C., to represent me for all purposes in this action and as the collective action representatives for this case.


(Signature) _____   Date: 01/23/11 _____

Print Name: Davis Vasquez

## CONSENT TO JOIN COLLECTIVE ACTION
### Pursuant to Fair Labor Standards Act 29 U.S.C. §216(b)

1. I, Glenford Veitch consent and agree to pursue my claims arising out of uncompensated work time including straight time and overtime as an employee of C&I Sales Inc., C&I Associates 1, Cablevision Systems Corporations, and their affiliates and officers.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq.  I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of this action.

3. I hereby designate Steven A. Morelli, Esq., and Eric S. Tilton, Esq., of The Law Office of Steven A. Morelli, P.C., to represent me for all purposes in this action and as the collective action representatives for this case.


(Signature) _Glenford_____   Date: _9·1·19·2010_____

Print Name: _GLENFORD Veitch_____

**CONSENT TO JOIN COLLECTIVE ACTION**
**Pursuant to Fair Labor Standards Act 29 U.S.C. §216(b)**

1. I, _Niall Williams_, consent and agree to pursue my claims arising out of uncompensated work time including straight time and overtime as an employee of C&I Sales Inc., C&I Associates 1, Cablevision Systems Corporations, and their affiliates and officers.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of this action.

3. I hereby designate Steven A. Morelli, Esq., and Eric S. Tilton, Esq., of The Law Office of Steven A. Morelli, P.C., to represent me for all purposes in this action and as the collective action representatives for this case.

(Signature) _Niall Williams_   Date: _11/19/10_

Print Name: _Niall Williams_

## CONSENT TO JOIN COLLECTIVE ACTION
### Pursuant to Fair Labor Standards Act 29 U.S.C. §216(b)

1.  I, _Leonida Garcia_, consent and agree to pursue my claims arising out of uncompensated work time including straight time and overtime as an employee of C&I Sales Inc., C&I Associates 1, Cablevision Systems Corporations, and their affiliates and officers.

2.  I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq.  I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of this action.

3.  I hereby designate Steven A. Morelli, Esq., and Eric S. Tilton, Esq., of The Law Office of Steven A. Morelli, P.C., to represent me for all purposes in this action and as the collective action representatives for this case.

(Signature) _____   Date: _2/6/11_____

Print Name: _Leonida R. Garcia_

## CONSENT TO JOIN COLLECTIVE ACTION
### Pursuant to Fair Labor Standards Act 29 U.S.C. §216(b)

1. I, _Cristian Gonzalez_ , consent and agree to pursue my claims arising out of
uncompensated work time including straight time and overtime as an employee of
C&I Sales Inc., C&I Associates 1, Cablevision Systems Corporations, and their
affiliates and officers.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act of
1938, as amended, 29 U.S.C. §201, et seq.  I hereby consent, agree and opt-in
to become a Plaintiff herein and be bound to any judgment by the Court or any
settlement of this action.

3. I hereby designate Steven A. Morelli, Esq., and Eric S. Tilton, Esq., of The Law
Office of Steven A. Morelli, P.C., to represent me for all purposes in this action
and as the collective action representatives for this case.

(Signature) _Cristian Gonzalez_      Date: _2/23/11_

Print Name: _Cristian Gonzalez_

CG