UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

MILTON TAIT, DWAYNE DANIELS,
DESMOND FORREST, PERCIVAL FRANKLIN,
VICTOR GARCIA, JOHNNIE GEORGE,
JULIEN GEORGE, ORVILLE GORDON,
CLAUDIO GUZMAN, TYRONE HENRY,
JEAN JULIEN, FERNANDO MARTINEZ,
KHALID MASHRIQI, CLIFFORD MATTHEW,
HARTLEY NEVERSON, MANUEL PEGUERO,
QUEAN PETERS, ANSELMO SANCHEZ,
JUANMINDI SOTO, JAUN SURINACH,
DAIVIS VASQUEZ, GLENFORD VEITCH,
NIALL WILLIAMS, LEONIDA GARCIA, and
CHRISTIAN GONZALEZ,

*Individually and on Behalf of All Other Persons Similarly Situated,*

Plaintiffs,

-against-

C & I SALES, INC., C & I ASSOCIATES, INC.,
WILLIAM GIANNINI, and JOSEPH SPAIN,

Defendants.

---------------------------------------------------------------x

No.: 11-cv-2777 (JG)(JMA)

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL OF ALL CLAIMS WITH PREJUDICE**

Plaintiffs, on their own behalf and on behalf of all others similarly situated, and Defendants C & I SALES, INC., C & I ASSOCIATIONS, INC., WILLIAM GIANNINI, and JOSEPH SPAIN (collectively "Defendants"), file this Joint Motion for Approval of Settlement and Dismissal of All Claims With Prejudice.

## SETTLEMENT AND DISMISSAL OF CLAIMS

1. In this action, Plaintiffs allege, *inter alia*, that Defendants failed to pay overtime in violation of the Fair Labor Standards Act ("FLSA"). (Docket Entry ("DE") 1.)

2. The Parties continue to dispute the amount of overtime wages and other relief due to the Plaintiffs (if any), and Defendants deny each and every claim made by the Plaintiffs in the action. However, the parties desire to fully and finally resolve any and all disputes regarding any and all of Plaintiffs' claims in the action without the expense of further litigation.

3. In furtherance of the parties' mutual desire to resolve their dispute without further litigation between them, they have entered into a Settlement Agreement and General Release (the "Agreement"). A copy of the Agreement is annexed hereto as Exhibit A.

4. The primary purpose of this motion is to request the Court's approval of the Agreement in accordance with the requirements of the FLSA.

5. The FLSA places certain limits on a current or former employee's ability to waive claims for unpaid wages or overtime under 29 U.S.C. § 216. *See Barrentine v. Arkansas-Best Freight System*, 450 U.S. 728 (1981); *Brooklyn Savings Bank v. O'Neill*, 324 U.S. 697, 706-07 (1945). With only two exceptions, employees cannot waive FLSA claims for unpaid wages or overtime. The two exceptions are for: (1) settlements supervised by the Secretary of Labor; and, (2) judicially-approved stipulated settlements. *Le v. SITA Info. Networking Computing USA, Inc.*, 07-CV-86 (JS), 2008 WL 724155, at *1 (E.D.N.Y. March 13, 2008); *see also Lynn's Food Stores, Inc. v. U.S. by and through U.S. Dept. of Labor, Employment Standards Admin., Wage and Hour Div.*, 679 F.2d 1350, 1352-53 (11th Cir. 1982); *Manning v. New York University*, No. 98 civ. 3300 (NRB), 2001 WL

2

963982, at *11 (S.D.N.Y. Aug. 22, 2001), *aff'd* 299 F.3d 156 (2d Cir. 2002), *cert. denied* 538 U.S. 1035 (2003).

6. The exception for judicially-supervised stipulated settlements originated with *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946), where the Supreme Court stated as follows:

> Even though stipulated judgments may be obtained, where settlements are proposed in controversies between employer and employees over violations of the [FLSA], by the simple device of filing suits and entering agreed judgments, we think the requirement of pleading the issues and submitting the judgment to judicial scrutiny may differentiate stipulated judgments from compromises by the parties.

*Id.* at 113 n.8.

7. In the wake of *D.A. Schulte*, it has become well-settled that an employee may waive an FLSA claim for unpaid wages or overtime pursuant to a judicially-supervised settlement. *See, e.g., Lynn's Food Stores*, 679 F.2d at 1252-53 (when employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the agreement for fairness); *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947); *Bracey v. Luray*, 161 F.2d 128 (4th Cir. 1947) (citing *D.A. Schulte* in holding that judicially-supervised settlement agreement of FLSA claims between employees and employer was enforceable); *DeBraska v. City of Milwaukee*, 11 F.Supp.2d 1020, 1026-27 (E.D. Wis. 1998) (court-approved settlement of FLSA claim constitutes final judgment with *res judicata* effect).

8. The parties represent to the Court that the Agreement: (1) is fair to all parties; (2) reasonably resolves a bona fide disagreement between the parties with regard to the merits of Plaintiffs' claims; and, (3) demonstrates a good faith intention by the parties

3

that the Plaintiffs' claims for liability and damages be fully and finally resolved, and not re-litigated in whole or in part at any point in the future.

9. Should the Court find that the Agreement is fair, the parties respectfully request that the attached proposed Order be entered by the Court.

**WHEREFORE**, the parties respectfully request an Order: (1) approving of the Agreement between the parties; and, (2) dismissing Plaintiffs' claims with prejudice.

Dated: Garden City, New York
May 16, 2012

Respectfully submitted,

Eric S. Tilton (ET-9547), *Of Counsel*
The Law Office of Steven A. Morelli, P.C.
1461 Franklin Avenue
Garden City, New York 11530
(516) 393-9151

*Attorneys for Plaintiffs,*
*FLSA Collective Plaintiffs, and the Classes*

Eric Su
Tarter Krinskiy & Drogin LLP
1350 Broadway
New York, New York 10018
(212) 216-1108

*Attorneys for Defendants*