# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x   No.: 11-cv-2777 (JG)(JMA)

MILTON TAIT, DWAYNE DANIELS,           :
DESMOND FORREST, PERCIVAL FRANKLIN,    :
VICTOR GARCIA, JOHNNIE GEORGE,         :
JULIEN GEORGE, ORVILLE GORDON,         :
CLAUDIO GUZMAN, TYRONE HENRY,          :
JEAN JULIEN, FERNANDO MARTINEZ,        :
KHALID MASHRIQI, CLIFFORD MATTHEW,     :
HARTLEY NEVERSON, MANUEL PEGUERO,      :
QUEAN PETERS, ANSELMO SANCHEZ,         :
JUANMINDI SOTO, JAUN SURINACH,         :
DAIVIS VASQUEZ, GLENFORD VEITCH,       :
NIALL WILLIAMS,  LEONIDA GARCIA, and   :
CHRISTIAN GONZALEZ,                    :
                                       :
*Individually and on Behalf of All Other Persons*   :   **SETTLEMENT AGREEMENT**
*Similarly Situated,*                  :   **AND GENERAL RELEASE**
                                       :
                    Plaintiffs,        :
                                       :
     -against-                         :
                                       :
C & I SALES, INC., C & I ASSOCIATES, INC.,   :
WILLIAM GIANNINI, and JOSEPH SPAIN,    :
                                       :
                    Defendants.        :
------------------------------------------------------------x

This Settlement Agreement and General Release (referred to herein as the

"Agreement") is made by and between the above listed Plaintiffs, individually and as the FLSA

collective action representatives for the current opt-in Plaintiffs[1] to the extent the opt-in Plaintiffs

execute this agreement separately, (collectively referred to as "Plaintiffs") and Defendants, C&I

SALES, INC., C&I ASSOCIATES, INC.,[2] WILLIAM GIANNINI, and JOSEPH SPAIN, their

---

[1]   Opt-In Plaintiffs include the following: Gary Blackstock and Candido Montero.

[2]   Corporate Defendants, C&I Sales, Inc. and C&I Associates, Inc., are collectively

affiliates, subsidiaries, present and former owners, partners, officers, directors, employees, heirs, executors, administrators, successors and assigns (individually and in their corporate capacity) (referred to herein collectively as "Defendants").

WHEREAS, Plaintiffs, directly or through their attorneys, have made claims against Defendants related to, *inter alia*, alleged violations of the Fair Labor Standards Act and New York Labor Law arising out of their employment with C&I;

WHEREAS, Plaintiffs and Defendants desire to adjust and settle all claims between them, without the admission of liability and to avoid the expense and inconvenience of litigation and they have reached an understanding whereby all issues between them have been resolved;

WHEREAS, Plaintiffs have received advice of counsel with respect to this Agreement;

WHEREAS, the terms and implications of this Agreement have been explained to the Plaintiffs and Defendants by their counsel;

WHEREAS, the parties wish to state the terms of their settlement understanding;

NOW, THEREFORE, the parties hereby stipulate and agree to the following terms and conditions:

---

referred to as "C&I".

**1.**      **Settlement of Disputed Claims:**

This Agreement constitutes a compromise agreement of disputed claims. Nothing in this Agreement constitutes, or shall be construed as, an admission that any party is or is not liable for any act or omission.

**2.**      **Settlement Payment:**

(A)   For and in consideration of full settlement of Plaintiffs' claims, Defendants agree to pay and Plaintiffs agree to accept the aggregate sum of One-Hundred Thousand Dollars and Zero Cents ($100,000.00) in settlement of their claims against Defendants. This settlement is made with respect to all claims which have been made or which could have been made by Plaintiffs against C&I, including all claims for wages, overtime pay and benefits, retaliation and wrongful termination. The settlement is to be paid as follows:

(i)      payment of One Hundred Thousand Dollars and Zero Cents ($100,000.00) payable as follows:

(a)      by check made payable to The Law Office of Steven A. Morelli, P.C. in the amount of Thirty Three Thousand Three Hundred Thirty Three Dollars and Thirty Three Cents ($33,333.33) representing Plaintiffs' attorneys' fees; and,

(b)      by separate checks made payable to the order of each individual Plaintiff in accordance with the payment schedule set forth in the annexed Schedule A ("Schedule A") under the column heading "Total Share After Attorneys' Fees" as it relates to each individual Plaintiff; and,

Said payments shall be sent to Plaintiffs' counsel at the address provided below so that they are received by Plaintiffs within fifteen days after the Court's approval of the Agreement;

(B)     Defendants agree to pay Plaintiffs the aforesaid sums in exchange for their promises made under this agreement for the waiver of their right to sue for past due wages, overtime pay, supplemental benefits or other damages, including attorneys' fees.

(C)     Plaintiffs hereby acknowledge that the amount paid pursuant to this settlement of their claim(s) represent full payments of back pay, wages or salary or compensation of any kind whatsoever, including interest, liquidated damages under the Fair Labor Standards Act ("FLSA") and New York State Labor Law and attorneys' fees, which is or could be due any of them and is specifically a payment made for their promises under this agreement including their release and waiver of all claims against Defendants.

(D)     Payments to the individual Plaintiffs described in Paragraph 2(A)(i)(b) above represents approximately 42.37% wage income and 57.63% non-wage income (*i.e.* liquidated damages under the FLSA and New York State Labor Law and pre-judgment interest). Defendants will deduct each individual Plaintiff's applicable employment and income taxes from the portion of the payments that are wage income to such Plaintiff before issuing any checks and will issue pay statements to the Plaintiffs for each payment explaining such deductions.

(E)     Plaintiffs and The Law Office of Steven A. Morelli, P.C. shall each provide Defendants with their respective valid Social Security Number ("SSN") or Individual Tax Identification Number ("ITIN"). If any Plaintiff fails to deliver to the Defendants a valid SSN or ITIN, Defendants shall be entitled to make a backup withholding as required by law with regard to payments made to that Plaintiff until a valid SSN or ITIN is provided.

(F)     Defendants will issue each Plaintiff an IRS Form W-2 for all wage income payments and will issue each Plaintiff an IRS Form 1099 and/or IRS Form 1099-MISC for all

non-wage income payments, as applicable. The non-wage income reported on Form 1099 or Form 1099-MISC shall be reported on such form as "other income" on line 3.

(G)   Defendants shall assume responsibility for the withholding and/or payment of monies owed as a result of any federal or state tax on employers that becomes due as a result of the payments described in Paragraphs 2(A)(i)(b) above. Plaintiffs shall assume responsibility for the payment of monies owed as a result of any federal or state tax on employees that becomes due as a result of the payments described in Paragraphs 2(A)(i)(b) above.

**3.    Administration of Agreement, Payments and Contingent Reverter of Payments**

(A)   Upon receipt of this Agreement executed by Plaintiffs' counsel, Defendants and Defendants' counsel shall each promptly execute same, or vice versa.

(B)   Upon receipt of the payments described in paragraph 2(A)(i)(b) above, Plaintiffs' counsel shall hold same in escrow until such time as each Plaintiff receiving payment executes this Agreement and initials the annexed Schedule A, at which time Plaintiffs' counsel may release payment to said Plaintiff.

(C)   Should any Plaintiff decide to not execute this Agreement (an "Opt-Out Plaintiff"), Plaintiffs' counsel shall not deliver any payments to said Opt-Out Plaintiff and shall instead return One Hundred Fifty Percent (150%) of the Opt-Out Plaintiff's payment under paragraph 2(A)(i)(b) above to Defendants' counsel (a "Reverter Payment"). It is recognized and agreed by the parties that the Reverter Payment includes both the Opt-Out Plaintiff's individual payment under paragraph 2(A)(i)(b) above plus the pro-rated portion of Plaintiffs' counsel's attorneys fees as described in paragraph 2(A)(i)(a) above relative to said payment.

(D)     Upon all Plaintiffs executing this Agreement thereby accepting its terms or Plaintiff's counsel learning whether there exists Opt-Out Plaintiffs such that it can be said Plaintiff's counsel has learned with respect to each Plaintiff named herein whether he has decided to accept the settlement embodied by this Agreement, Plaintiffs' counsel shall, within seven days of receipt, return a fully executed copy of this Agreement (without the signatures of Opt-Out Plaintiff(s), if any) to Defendants' counsel along with any Reverter Payments relative to any Opt-Out Plaintiff(s), if any.

(E)     Should there exist any Opt-Out Plaintiff(s), this Agreement shall be void and of no effect as it relates to any Opt-Out Plaintiff(s), but such a contingency shall not affect the validity of this Agreement as it relates to those Plaintiffs who have executed this Agreement and received payment as described in paragraph 3(B) above.

**4.**     **General Release of Defendants by Plaintiffs:**

FOR AND IN CONSIDERATION OF THE SUM OF One-Hundred Thousand Dollars ($100,000.00), the Plaintiffs who have executed this Agreement ("Releasors"), release and discharge C&I SALES, INC., C&I ASSOCIATES, INC., WILLIAM GIANNINI, and JOSEPH SPAIN ("Releasees"), Releasees' shareholders, directors, officers, employees, agents, attorneys, administrators, successors, assigns, heirs, executors, administrators, successors and assigns from all actions, causes of actions, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the Releasees, the Releasors, Releasors' heirs, executors, administrators, successors and assigns ever had, now have or hereafter can, shall or may have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of

the world to the day of the Effective Date of the Agreement.  Whenever the text hereof requires, the use of singular number shall include the appropriate plural number as the text of the within instrument may require. This Release may not be changed orally.

This Release specifically relates to all obligations, liabilities, suits, actions, causes of action, controversies, agreements, promises, and claims in law or equity ("Claims") which Releasors may now have, ever had, or will ever have against Releasees relating to, or arising out of, Releasors' employment with C&I, work and services they performed for the benefit of C&I or events that have occurred up until the date this Release becomes effective, whether or not they now know of such Claims. Releasors also agree that this Release covers any claims either of them may have filed with the New York State Department of Labor or the United States Department of Labor, including but not limited to any federal, state, local or administrative claims arising under the following:   (a) Fair Labor Standards Act; (b) the New York Minimum Wage Law; (c) New York Unemployment Insurance Law; (d) any other applicable federal, state, or local wage statutes or regulations; (e) the Equal Pay Act of 1963; (f) New York State Labor Law; (g) Civil Rights Acts of 1866, 1870, 1871 and 1968; (h)  Title VII of the Civil Rights Act of 1964, as amended; (i) the Civil Rights Act of 1991; (j) the Vietnam-Era Veterans' Readjustment Assistance Act of 1974; (k) the Veteran's Reemployment Rights Act; (l) the Immigration Reform and Control Act; (m) the Americans with Disabilities Act of 1990; (n) the Rehabilitation Act of 1973; (o) the New York State Human Rights Law; (p) the New York City Human Rights Law; (q) Age Discrimination in Employment Act of 1967; (r) Sections 1981 through 1988 of Title 42 of the United States Code; (s) the Employee Retirement Income Security Act of 1974; (t) the Immigration Reform and Control Act; (u) the Americans with Disabilities Act of 1990; (v) the Workers' Compensation Act; (w) the Workers Adjustment and

Retraining Notification Act; (x) the Occupational Safety and Health Act; (y) the Sarbanes-Oxley Act of 2002; (z) the New York Workers' Compensation Law; (aa) New York State Workers Adjustment and Retraining Notification (WARN) Act; (bb) any of such laws as amended from time to time, or any other local, state or federal law, regulation or ordinance; (cc) New York public policy, contract, tort, or common law; or wage-hour, wage-payment, pension, employee benefits, labor or other laws, rules, regulations and/or guidelines, constitutions, ordinances, public policy, contract or tort laws, or any other claim for alleged underpayment of wages, overtime, benefits, employment discrimination, sexual or other harassment, retaliation, wrongful termination, constructive discharge, pain and suffering, mental anguish, intentional and/or negligent infliction of emotional distress, any claim arising under the common law, or any other claim or action.

Releasors represent that they have received complete satisfaction for any and all claims, whether known, suspected, or unknown, that they may have or have had against Releasees, their owners, officers, managers, supervisors, corporate parents, subsidiaries, affiliates, related parties, predecessors, successors and assigns, present or former officers, directors, representatives, employees and agents of any of them, whether in their individual or official capacities, and their heirs, executors, administrators, distributees and legatees as of the Effective Date of the Agreement, and they hereby waive any and all relief for such claims.

**5.**      **Withdrawal of Claims by Releasors:**

In consideration for the foregoing payments, the terms hereof and subject to clearance of Defendants' check payments, Releasors shall take all necessary steps to withdraw and discontinue with prejudice any administrative proceedings and all other actions or proceedings commenced by either of them and shall not commence any proceeding with regard to the released claims set forth in paragraphs 4 and 8 herein.

**6.**      **Express Condition for Settlement Payment:**

In consideration for the execution of this Agreement by Releasors and their compliance with the promises made herein, Defendants agree to pay and/or provide Releasors with the payments referred to in Paragraph 2 herein. Defendants' obligation in connection with the payment referred to in Paragraph 2 herein is subject to and contingent upon Releasors' continuing compliance with their obligations under this Agreement, including, but not limited to, provisions relating to confidentiality and non-disparagement of Defendants by Releasors.

**7.**      **Releasors' Representation of the Rights and Claims Relinquished:**

Releasors represent and warrant that they are the sole owners of the rights and claims relinquished and that those rights or claims have not been assigned or transferred to any other person or entity.

**8.**      **Releasors' Acknowledgment of Waiver of Right to Sue:**

The foregoing Agreement is specifically intended to include the discharge and waiver of all claims, if any, Releasors may have against Defendants and other Releasees for wages, salary, overtime, benefits, compensation and retaliation, and Releasors understand that this Agreement constitutes a waiver of their right to sue for compensatory damages, consequential damages, punitive damages, overtime pay, past due wages, supplemental benefits

or other damages and in settlement and release of any and all demands for costs and attorneys'
fees.

**9.      Non-Admission of Liability or Violation of Law:**

It is expressly agreed that the purpose of the Agreement is the compromise and
settlement of disputed and contested claims. Nothing in the Agreement is to be construed as an
admission by Defendants of: (a) any fact alleged in any complaint or claims made by Plaintiffs;
or (b) any liability of any kind to Plaintiffs.

It is further expressly agreed by the parties that neither the making of this
Agreement, nor anything contained herein shall, in any way, be construed as Defendants'
admission of guilt, or non-compliance with any federal, state, city or local statute, constitution,
public policy, tort law, contract law, common law, or of any other wrongdoing, unlawful
conduct, liability or breach of any duty whatsoever.

**10.     Confidentiality Covenant by Releasors:**

Releasors agree that they will not disclose or reveal this Agreement (and the terms
hereof) to any person or entity (specifically including, but not limited to, C&I's past, present or
future employees) and that its terms are confidential, except Releasors may disclose same to their
spouse(s) [or functional equivalent(s) thereto], or to their tax preparers, accountants or attorneys
and taxing authorities. Upon inquiry regarding this Action, Releasors and their representatives
shall state only that the action has been resolved to the satisfaction all parties concerned or words
to that effect.  Releasors agree that, unless specifically prohibited by law, they shall notify
Defendants within five (5) business days if any of them are subpoenaed to appear in any court,
tribunal or other forum with respect to this Claim or any other Claim against Defendants.
Releasors' appearance in any court, tribunal or other forum pursuant to a subpoena will not

constitute a breach of the confidentiality provisions hereof, provided due notice to C&I Defendants is given.

**11.**      **Agreement Not to be Utilized in Subsequent Proceedings:**

This Agreement shall may not be introduced in any proceeding, except to establish conclusively the settlement and release of the matters described herein, a breach of this Agreement, or the withdrawal and dismissal of the instant case, or as otherwise provided for herein.

**12.**      **Non-Disclosure Covenant by Releasors:**

Releasors shall not divulge any information regarding C&I's trade or corporate secrets that Plaintiffs learned during the course of their employment with C&I, or the terms and conditions of this Agreement to any person or entity (especially including, but not limited to, C&I Defendants' past, present or future employees), unless specifically authorized by C&I in writing or compelled by law, to any person or entity whatsoever, including without limitation, any members of the media including, but not limited to, print journalists, newspapers, radio, television, cable, satellite programs, or Internet media (including but not limited to web pages, e-mail, and or "chat rooms"). Notwithstanding the provisions in this paragraph, C&I may provide to a prospective employer information pertaining to the dates of Releasors' employment and positions held while employed by C&I.

**13.**      **Non-disparagement:**

From the date of this Agreement, Releasors shall not make any public disparaging statements concerning C&I, their officers, directors, employees, attorneys, agents, contracting parties and the Individual Defendants herein, of C&I, their businesses or operations. This non-disparagement agreement shall not in any way prevent the parties from disclosing any

information to their attorneys or in response to a lawful subpoena or court order requiring disclosure of information.

**14.** **Withdrawal/Dismissal of Action:**

In consideration for the payments described in paragraph 2(A) above, Releasors shall take all necessary steps to have the pending litigation discontinued and dismissed with prejudice pursuant to FRCP Rule 41 as to Defendants. The Releasors and Defendants agree not to seek any interest, fees or costs from each other, except as provided herein, and agree to be responsible for the payment of their own attorneys' fees and disbursements incurred in connection with this Action.

**15.** **Violation of Confidentiality, Non-disclosure and Non-disparagement by Releasors:**

In the event that any of the Releasors violates any provision of paragraphs 10-13, the parties recognize that it would be difficult, if not impossible, to calculate the amount of damages that would accrue to C&I Defendants. Accordingly, in the event of any breach and for each such breach by Releasors of any provision of paragraphs 10-13, C&I Defendants shall be entitled, in their discretion, to recover from the breaching Releasor, as liquidated damages, and not as a penalty, the sum of $2,500.00, and costs and reasonable attorneys' fees incurred by C&I Defendants as a result of the breach. Regardless of and in addition to any right to damages the C&I Defendants have, C&I Defendants shall be entitled to immediate injunctive relief, without being required to post a bond therefor.

**16.** **Legal Capacity:**

The parties represent and warrant that they have the legal capacity to enter into this Agreement, that they have reviewed with their independent counsel this Agreement, and that they understand and consent to the terms and provisions hereof.

**17.**     **Representations:**

The parties represent and warrant that there are no liens or claims of lien at law, in equity, or otherwise, of or against any of the claims or matters released herein, and that they have not sold, pledged, assigned, conveyed, or otherwise disposed of any of the claims or matters released herein.

**18.**     **Enforcement of Agreement:**

Nothing contained in the release provided for herein is intended to prevent any party from enforcing the terms of this Agreement.

**19.**     **Notices or Requests:**

Any notices or requests under this Agreement shall be in writing, sent via overnight courier and fax to counsel for all parties. Any notice of breach of this Agreement shall state the following information: (a) the specific nature of the breach, including the specific provision of this Agreement claimed to be breached, and (b) the facts relied upon by the party giving notice to determine that a breach occurred.  Any notices shall be addressed as follows:

     a.     If to Plaintiffs:

         The Law Office of Steven A. Morelli, P.C.
         1461 Franklin Avenue
         Garden City, New York 11530
         Attention:  Steven A. Morelli, Esq.
         Telephone: (516) 393-9151
         Fax:   (516) 280-7528

     c.     If to C&I Defendants:

         Tarter Krinsky & Drogin LLP
         1350 Broadway
         New York, New York 10018
         Attention: Eric Su, Esq.
         Tel: (212) 216-1108
         Fax: (212) 216-8001

**20.** **Waiver of Breach:**

Waiver of any one breach of the provisions of this Agreement shall not be deemed as a waiver of any other breach of the same or any other provision of this Agreement.

**21.** **Statement as to Existence of Administrative or Judicial Claims**

Releasors affirm that they are not aware of any outstanding administrative or judicial claims, charges, lawsuits or proceedings of any kind to which they are a party, which were filed by Releasors or on their behalf, which they could have made on their own behalf and those which may have been or may be made by any other person or organization on their behalf as of the date of this Agreement against the Releasees and, to the extent permitted by law, they specifically waive any right to become and/or remain, and promises not to become and/or remain, a member of any class in a case in which any claim or claims are asserted against the Releasees involving any events occurring as of or prior to the date of this Agreement. Further, Releasors agree not to participate voluntarily in any investigation, proceeding, charge, complaint or claim (on their own behalf and/or on behalf of any other person or entity and/or on behalf of or as a member of any alleged class of persons) against the Releasees, based in whole or in part upon, or in any way connected with any Claim, omission, transaction or occurrence prior to and including the date of this Agreement. Nothing herein shall prevent Releasors from engaging in such conduct when compelled by law.

**22.** **Filing of Claims by Releasors**

If any of the Releasors files or causes to be filed a claim, charge or lawsuit against any of the Releasees with any governmental agency, court or other forum concerning, in whole or in part, any event occurring as of or prior to the date of this Agreement or any claim that has

been released herein, or otherwise violates in any respect any provision hereof, and fails to successfully withdraw such claim, charge or lawsuit or cure such default within fifteen (15) days of his receipt of Defendants' written demand for withdrawal or cure, the offending Releasor will not be entitled to receive any further benefits hereunder. In such event, Releasors further agree, that the release set forth above shall remain in full force and effect and that any proceeds received by the offending Releasor from or as a result of any such claim, charge or lawsuit shall be disgorged to Defendants and/or offset against any remaining obligations owed by Defendants to the offending Releasor. Should any governmental agency, court or other forum determine that such claim, charge or lawsuit is barred by this Agreement, the offending Releasor agrees to pay Defendants, in addition, the attorneys' fees and expenses they incur in enforcing the terms of this Agreement and otherwise defending against said claim, charge or lawsuit.

## 23.    Review and Construction of Agreement

The parties represent that they have reviewed and revised this Agreement and the normal rule of construction to the effect that any ambiguities in this Agreement would be resolved against the drafting party shall not be employed in its interpretation.

## 24.    Agreement Complete

The Agreement is to be the complete expression of the terms of settlement of this Action. All prior and contemporaneous agreements, representations and negotiations are superseded by this Agreement.

## 25.    Governing Law

This Agreement shall be governed and interpreted by the laws of the State of New York, without reference to its conflict or choice of law provisions.   The provisions of this Agreement are severable, and if any one or more provisions may be determined to be illegal or

otherwise unenforceable in whole or in part, the remaining provisions and any partially unenforceable provision to the extent enforceable under the laws of the State of New York shall nevertheless be binding and enforceable. The filing of any claim by Defendants to enforce this Agreement, or for damages from the breach hereof, shall not be considered to be retaliatory.

**26.    Amendment**

No amendment to this Agreement is effective unless it is reduced to writing and signed by duly authorized representatives of all parties to the stipulation.

**27.    Disputes**

The parties consent and agree that all disputes regarding the parties' compliance with the terms of this Settlement agreement, shall be resolved through mediation in the first instance and if unsuccessful through arbitration before the American Arbitration Association. The "prevailing party" will be entitled to payment of the cost of the mediation and/or arbitration proceeding and reasonable attorneys' fees from the losing party.

**28.    Releasors' Representation as to Their Opportunity
         to Negotiate and  Consult with Counsel:**

Releasors, by signing below, each declares and represents that the foregoing has been carefully read by him, that he knows the contents thereof, that he has been afforded the opportunity to negotiate over its terms, that he has had an opportunity to consult with counsel of his choosing, that he fully understands this Stipulation and the release contained herein and its terms, that he has signed the same with his own free act and that he has not been influenced in making this settlement by any representation of the party or parties released.

**29.    Paragraph Titles:**

Paragraph titles provided herein are for convenience only and not determinative

of the content or terms herein contained.

**30.** **Counterparts and Digital Copies:**

        This Agreement may be executed in counterparts with all counterparts constituting the entire Agreement and with the same full force and effect as if this Agreement were not executed in counterparts. Digital copies of this Agreement signed by a party may be deemed an original.

**31.** **Costs:**

        No costs shall be paid by any party as against any other.

Dated: Garden City, New York          Dated: New York, New York
       May \_\_\_\_, 2012                  May \_\_\_, 2012

THE LAW OFFICE OF STEVEN       TARTER KRINSKY &
A. MORELLI, P.C.                    DROGIN, LLP

_____     _____
By: Steven A. Morelli, Esq./Eric S. Tilton,Esq.   By: Eric Su, Esq.
*Attorney for Plaintiffs*               *Attorneys for Defendants*
1461 Franklin Avenue               1350 Broadway
Garden City, NY 11530            New York, NY 10018
T (516) 393-9151                  T (212) 216-1108
F (516) 280-7528                 F (212) 216-8001

# DEFENDANTS' SIGNATURES

**C&I SALES, INC.**                                    **C&I ASSOCIATES, INC.**

By: _____          By: _____
         , President                                              , President

                    By: _____
                           William Giannini, Individually

STATE OF NEW YORK                        )
                                                            )ss.:
COUNTY OF                                       )

   On this ___ day of _____, before me personally appeared _____, to me known, who, being by me duly sworn, did say that he resides at _____, and is the president of C&I SALES, INC., the corporation described in and which executed the foregoing instrument, and that he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said corporation; and that he signed his name thereto by like order.


                    _____
                                  Notary Public

STATE OF NEW YORK                        )
                                                            )ss.:
COUNTY OF                                       )

   On this ___ day of _____, before me personally appeared _____, to me known, who, being by me duly sworn, did say that he resides at _____, and is the president of C&I ASSOCIATES, INC., the corporation described in and which executed the foregoing instrument, and that he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the Board of Directors of said corporation; and that he signed his name thereto by like order.


                    _____
                                  Notary Public

STATE OF NEW YORK   )
           )ss.:
COUNTY OF      )

    On the __ day of _____, before me, the undersigned, personally appeared WILLIAM GIANNINI, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

           _____
             Notary Public

## PLAINTIFFS' SIGNATURES

By: _____  By: _____
   Milton Tait, Individually       Dwayne Daniels, Individually

By: _____  By: _____
   Desmond Forrest, Individually     Percival Franklin, Individually

By: _____  By: _____
   Victor Garcia, Individually      Johnnie George, Individually

By: _____  By: _____
   Julien George, Individually      Orville Gordon, Individually

By: _____          By: _____
     Claudio Guzman, Individually               Tyrone Henry, Individually


By: _____          By: _____
     Jean Julien, Individually               Fernando Martinez, Individually


By: _____          By: _____
     Khalid Mashriqi, Individually               Clifford Matthew, Individually


By: _____          By: _____
     Hartley Neverson, Individually               Manuel Peguero, Individually


By: _____          By: _____
     Quean Peters, Individually               Anselmo Sanchez, Individually


By: _____          By: _____
     Juanmindi Soto, Individually               Jaun Surinach, Individually


By: _____          By: _____
     Daivis Vasquez, Individually               Glenford Veitch, Individually


By: _____          By: _____
     Niall Williams, Individually               Leonida Garcia, Individually


By: _____          By: _____
     Christian Gonzalez, Individually               Candido Montero, Individually


By: _____
     Gary Blackstock, Individually

STATE OF NEW YORK    )
            )ss.:
COUNTY OF      )

    On the __ day of _____, before me, the undersigned, personally appeared MILTON TAIT, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

           _____
              Notary Public

STATE OF NEW YORK    )
            )ss.:
COUNTY OF      )

    On the __ day of _____, before me, the undersigned, personally appeared DWAYNE DANIELS, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

           _____
              Notary Public

STATE OF NEW YORK    )
            )ss.:
COUNTY OF      )

    On the __ day of _____, before me, the undersigned, personally appeared DESMOND FORREST, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

           _____
              Notary Public

STATE OF NEW YORK    )
            )ss.:
COUNTY OF      )

    On the __ day of _____, before me, the undersigned, personally appeared PERCIVAL FRANKLIN, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

           _____
              Notary Public

STATE OF NEW YORK        )
                                      )ss.:
COUNTY OF                 )

        On the ___ day of _____, before me, the undersigned, personally appeared VICTOR GARCIA, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

STATE OF NEW YORK        )
                                        )ss.:
COUNTY OF                 )

        On the ___ day of _____, before me, the undersigned, personally appeared JOHNNIE GEORGE, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

STATE OF NEW YORK        )
                                        )ss.:
COUNTY OF                 )

        On the ___ day of _____, before me, the undersigned, personally appeared JULIEN GEORGE, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

STATE OF NEW YORK        )
                                        )ss.:
COUNTY OF                 )

        On the ___ day of _____, before me, the undersigned, personally appeared ORVILLE GORDON, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

STATE OF NEW YORK            )
                                        )ss.:
COUNTY OF                   )

       On the __ day of _____, before me, the undersigned, personally appeared CLAUDIO GUZMAN, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

                                         _____
                                                  Notary Public

STATE OF NEW YORK            )
                                         )ss.:
COUNTY OF                   )

       On the __ day of _____, before me, the undersigned, personally appeared TYRONE HENRY, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

                                         _____
                                                  Notary Public

STATE OF NEW YORK            )
                                         )ss.:
COUNTY OF                   )

       On the __ day of _____, before me, the undersigned, personally appeared JEAN JULIEN, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

                                         _____
                                                  Notary Public

STATE OF NEW YORK            )
                                         )ss.:
COUNTY OF                   )

       On the __ day of _____, before me, the undersigned, personally appeared FERNANDO MARTINEZ, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

                                         _____
                                                  Notary Public

STATE OF NEW YORK        )
                                  )ss.:

COUNTY OF               )

On the ___ day of _____, before me, the undersigned, personally appeared ARRONIOUS KHALID MASHRIQI, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

STATE OF NEW YORK        )
                                  )ss.:

COUNTY OF               )

On the ___ day of _____, before me, the undersigned, personally appeared CLIFFORD MATTHEW, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

STATE OF NEW YORK        )
                                  )ss.:

COUNTY OF               )

On the ___ day of _____, before me, the undersigned, personally appeared HARTLEY NEVERSON, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

STATE OF NEW YORK        )
                                  )ss.:

COUNTY OF               )

On the ___ day of _____, before me, the undersigned, personally appeared MANUEL PEGUERO, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

STATE OF NEW YORK            )
                            )ss.:
COUNTY OF                    )

       On the __ day of _____, before me, the undersigned, personally appeared QUEAN PETERS, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

STATE OF NEW YORK            )
                            )ss.:
COUNTY OF                    )

       On the __ day of _____, before me, the undersigned, personally appeared ANSELMO SANCHEZ, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

STATE OF NEW YORK            )
                            )ss.:
COUNTY OF                    )

       On the __ day of _____, before me, the undersigned, personally appeared JUANMINDI SOTO, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

STATE OF NEW YORK            )
                            )ss.:
COUNTY OF                    )

       On the __ day of _____, before me, the undersigned, personally appeared JAUN SURINACH, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

STATE OF NEW YORK          )
                                              )ss.:
COUNTY OF                     )

        On the __ day of _____, before me, the undersigned, personally appeared DAIVIS VASQUEZ, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

STATE OF NEW YORK          )
                                              )ss.:
COUNTY OF                     )

        On the __ day of _____, before me, the undersigned, personally appeared GLENFORD VEITCH, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

STATE OF NEW YORK          )
                                              )ss.:
COUNTY OF                     )

        On the __ day of _____, before me, the undersigned, personally appeared NIALL WILLIAMS, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

STATE OF NEW YORK          )
                                              )ss.:
COUNTY OF                     )

        On the __ day of _____, before me, the undersigned, personally appeared LEONIDA GARCIA, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

STATE OF NEW YORK       )
                                           )ss.:
COUNTY OF                 )

On the __ day of _____, before me, the undersigned, personally appeared CHRISTIAN GONZALEZ, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

STATE OF NEW YORK       )
                                           )ss.:
COUNTY OF                 )

On the __ day of _____, before me, the undersigned, personally appeared CANDIDO MONTERO, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

STATE OF NEW YORK       )
                                           )ss.:
COUNTY OF                 )

On the __ day of _____, before me, the undersigned, personally appeared GARY BLACKSTOCK, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

Schedule A

| Plaintiff Name | Start Date of Employ. | End Date of Employ. | Consent Filing Date | 6 Yr. Look Back | Years Worked Times Multiplier of 1.5 for Khalid and Milton | Share per Year | Total Pro Rated Share | Total Share After Attorneys' Fees | Client Signature |
|---|---|---|---|---|---|---|---|---|---|
| Daniels, Dwayne | 3/21/2004 | 9/21/2009 | 6/13/2011 | 6/14/2005 | 4.27 | $1,148.00 | $4,906.52 | $3,271.01 | |
| Forrest, Desmond | 6/1/2005 | 8/1/2009 | 6/13/2011 | 6/14/2005 | 4.13 | $1,148.00 | $4,746.12 | $3,164.08 | |
| Franklin, Percival | 8/1/2005 | 11/16/2009 | 6/13/2011 | 6/14/2005 | 4.30 | $1,148.00 | $4,931.68 | $3,287.79 | |
| Garcia, Leonida | 6/1/2004 | 2/28/2009 | 6/13/2011 | 6/14/2005 | 3.71 | $1,148.00 | $4,261.75 | $2,841.17 | |
| Garcia, Victor | 9/1/2006 | 3/15/2010 | 6/13/2011 | 6/14/2005 | 3.54 | $1,148.00 | $4,060.46 | $2,706.97 | |
| George, Johnnie | 1/1/2005 | 12/31/2008 | 6/13/2011 | 6/14/2005 | 3.55 | $1,148.00 | $4,076.19 | $2,717.46 | |
| George, Julien | 3/21/2004 | 9/22/2009 | 6/13/2011 | 6/14/2005 | 4.28 | $1,148.00 | $4,909.67 | $3,273.11 | |
| Gonzalez, Christian | 3/1/2006 | 2/28/2008 | 6/13/2011 | 6/14/2005 | 2.00 | $1,148.00 | $3,198.67 | $2,132.45 | |
| Gonzalez, Christian | 11/1/2008 | 1/31/2009 | 6/13/2011 | 6/14/2005 | 0.25 | | | | |
| Gonzalez, Christian | 9/1/2010 | 3/17/2011 | 6/13/2011 | 6/14/2005 | 0.54 | | | | |
| Gordon, Orville | 10/1/2003 | 12/31/2007 | 6/13/2011 | 6/14/2005 | 2.55 | $1,148.00 | $2,925.04 | $1,950.03 | |
| Guzman, Claudio | 11/1/2008 | 4/30/2010 | 6/13/2011 | 6/14/2005 | 1.49 | $1,148.00 | $1,714.14 | $1,142.76 | |
| Henry, Tyrone | 6/1/2003 | 5/31/2007 | 6/13/2011 | 6/14/2005 | 1.96 | $1,148.00 | $2,251.97 | $1,501.31 | |
| Julien, Jean | 3/1/2007 | 6/30/2008 | 6/13/2011 | 6/14/2005 | 1.33 | $1,148.00 | $1,531.72 | $1,021.14 | |
| Martinez, Fernando | 7/17/2004 | 1/31/2010 | 6/13/2011 | 6/14/2005 | 4.64 | $1,148.00 | $5,321.69 | $3,547.79 | |
| Mashriqi, Khalid | 9/1/2003 | 9/30/2008 | 6/13/2011 | 6/14/2005 | 4.95 | $1,148.00 | $5,680.24 | $3,786.83 | |
| Mathew, Clifford | 8/1/2006 | 8/31/2008 | 6/13/2011 | 6/14/2005 | 2.25 | $1,148.00 | $2,585.36 | $1,723.57 | |
| Neverson, Hartley | 8/20/2003 | 11/16/2009 | 6/13/2011 | 6/14/2005 | 4.43 | $1,148.00 | $5,082.65 | $3,388.43 | |
| Peguero, Manuel | 5/15/2003 | 6/6/2008 | 6/13/2011 | 6/14/2005 | 2.98 | $1,148.00 | $3,421.98 | $2,281.32 | |
| Peters, Quean R | 6/1/2006 | 5/31/2008 | 6/13/2011 | 6/14/2005 | 2.00 | $1,148.00 | $2,296.00 | $1,530.67 | |
| Sanchez, Anselmo | 7/1/2005 | 1/31/2007 | 6/13/2011 | 6/14/2005 | 1.59 | $1,148.00 | $1,821.07 | $1,214.05 | |
| Soto, Juanmindi | 3/12/2004 | 2/9/2010 | 6/13/2011 | 6/14/2005 | 4.66 | $1,148.00 | $5,349.99 | $3,566.66 | |
| Surinach, Jaun | 9/1/2005 | 11/16/2009 | 6/13/2011 | 6/14/2005 | 4.21 | $1,148.00 | $4,834.18 | $3,222.79 | |
| Tait, Milton | 11/1/2004 | 1/31/2008 | 6/13/2011 | 6/14/2005 | 3.95 | $1,148.00 | $4,533.58 | $3,022.39 | |
| Vasquez, Daivis | 1/1/2008 | 5/31/2010 | 6/13/2011 | 6/14/2005 | 2.41 | $1,148.00 | $2,770.93 | $1,847.28 | |
| Veitch, Glenford | 3/1/2006 | 2/28/2008 | 6/13/2011 | 6/14/2005 | 2.00 | $1,148.00 | $2,292.85 | $1,528.57 | |
| Williams, Niall | 6/21/2003 | 9/22/2009 | 6/13/2011 | 6/14/2005 | 4.28 | $1,148.00 | $4,909.67 | $3,273.11 | |
| **Opt In** | | | | | | | | | |
| Blackstock, Gary | 9/1/2006 | 1/30/2008 | 8/4/2011 | 8/5/2005 | 1.41 | $1,148.00 | $1,622.93 | $1,081.95 | |
| Montero Candido | 8/1/2003 | 9/30/2006 | 7/18/2011 | 7/19/2005 | 1.20 | $1,148.00 | $3,962.96 | $2,641.97 | |
| Montero Candido | 10/1/2007 | 12/31/2009 | 7/18/2011 | 7/19/2005 | 2.25 | | | | |
| | | | | **Total Years:** | **87.11** | | $100,000.00 | $66,666.67 | |

| | | | Yearly Share of Gross Settlement | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **Total Settlement:** | Gross Settlement | $100,000.00 | $1,148.00 | | | | | | |
| | Attorney Fees | $33,333.33 | | | | | | | |
| | Net Settlement | $66,666.67 | | | | | | | |